IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MONTANA
GREAT FALLS DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>Plaintiff,<br><br>vs.<br><br>RICHARD THOMAS DROST,<br><br>Defendant. | CR 07-79-GF-BMM-JTJ<br><br>**FINDINGS AND RECOMMENDATIONS** |

## I. Synopsis

Defendant Richard Thomas Drost (Drost) has been accused of violating the conditions of his supervised release. Drost admitted all of the alleged violations. Drost's supervised release should be revoked. Drost should be placed in custody for 6 months, with a lifetime of supervised release to follow. Drost should resume sex offender treatment immediately upon release from prison.

## II. Status

Drost pleaded guilty to Receipt of Child Pornography on September 5, 2007. (Doc. 20). The Court sentenced Drost to 168 months of custody, followed by a lifetime of supervised release. (Docs. 28, 38). Drost's current term of supervised release began on July 19, 2019. (Doc. 49).

**Petition**

The United States Probation Office filed an Amended Petition requesting that the Court revoke Drost's supervised release on August 26, 2021. (Doc. 49). The Amended Petition alleged that Drost had violated the conditions of his supervised release: 1) by failing to comply with the terms of his supervised release on four separate occasions; and 2) by failing to successfully complete his sex offender treatment program.

**Initial appearance**

Drost appeared before the undersigned for his initial appearance on August 31, 2021. Drost was represented by counsel. Drost stated that he had read the petition and that he understood the allegations. Drost waived his right to a preliminary hearing. The parties consented to proceed with the revocation hearing before the undersigned.

**Revocation hearing**

The Court conducted a revocation hearing on August 31, 2021. Drost admitted that he had violated the conditions of his supervised release: 1) by failing to comply with the terms of his supervised release on four separate occasions; and 2) by failing to successfully complete his sex offender treatment program. The violations are serious and warrant revocation of Drost's supervised release.

Drost's violations are Grade C violations. Drost's criminal history category is I. Drost's underlying offense is a Class C felony. Drost could be incarcerated for up to 24 months. Drost could be ordered to remain on supervised release for up to life. The United States Sentencing Guidelines call for a term of custody of 3 to 9 months.

### III. Analysis

Drost's supervised release should be revoked. Drost should be incarcerated for 6 months, with a lifetime of supervised release to follow. This sentence is sufficient but not greater than necessary. Drost should resume sex offender treatment immediately upon release from prison.

### IV. Conclusion

The Court informed Drost that the above sentence would be recommended to United States District Judge Brian Morris. The Court also informed Drost of his right to object to these Findings and Recommendations within 14 days of their issuance. The Court explained to Drost that Judge Morris would consider a timely objection before making a final determination on whether to revoke his supervised release and what, if any, sanction to impose.

The Court **FINDS:**

That Richard Thomas Drost violated the conditions of his supervised

3

release: by failing to comply with the terms of his supervised release on four separate occasions; and by failing to successfully complete his sex offender treatment program.

The Court **RECOMMENDS:**

That the District Court revoke Drost's supervised release and commit him to the custody of the United States Bureau of Prisons for a term of 6 months, with a lifetime of supervised release to follow. Drost should resume sex offender treatment immediately upon release from prison.

## NOTICE OF RIGHT TO OBJECT TO FINDINGS AND RECOMMENDATIONS AND CONSEQUENCES OF FAILURE TO OBJECT

The parties may serve and file written objections to the Findings and Recommendations within 14 days of their entry, as indicated on the Notice of Electronic Filing. 28 U.S.C. § 636(b)(1). A United States district court judge will make a de novo determination regarding any portion of the Findings and Recommendations to which objection is made. The district court judge may accept, reject, or modify, in whole or in part, the Findings and Recommendations. Failure to timely file written objections may bar a de novo determination by the district court judge, and may waive the right to appear and allocute before a district court judge.

DATED this 2nd day of September, 2021.

*[signature]*
John Johnston
United States Magistrate Judge

4